UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>CHRISTIAN HANSEN,<br><br>    Defendant. | Case No. 16-cv-01123-LB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 8 |

## INTRODUCTION

This case is about a tree that fell on a neighbor's home and caused $181,000 in damage.[1] Travelers Commercial Insurance Company, the insurer of the neighbor's home, paid the damages and now sues Christian Hansen, owner and occupier of the property where the tree grew.[2] Travelers asserts that Mr. Hansen negligently maintained the tree and thus caused the damage to his neighbor's home.[3] Mr. Hansen now moves to dismiss the complaint for failure to state a claim upon which relief can be granted, defective process and service of process, and failure to join an indispensable party.[4]

---

[1] Compl. – ECF No. 1. Citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers are the tops of documents.

[2] Compl. ¶¶ 2-5; 16, 20.

[3] *See generally id.*

[4] Motion to Dismiss ("Motion") – ECF No. 8.
ORDER (No.  16-cv-01123-LB)

The court finds that it can decide this matter without oral argument under Local Rule 7-1(b) and vacates the May 5, 2016 hearing. The court denies Mr. Hansen's motion because Travelers states a plausible claim for negligence, Mr. Hansen received sufficient notice of the suit and has not shown he was prejudiced by the service imperfections, Travelers (as insurer) is the real-party-in-interest, and Mr. Hansen's neighbor (Mr. Geffner, the insured) is not an indispensable party.

## STATEMENT

Travelers Commercial Insurance Company sued Christian Hansen after a tree fell on its insured's — Mr. Hansen's neighbor's — house.[5] Travelers generally alleges that Mr. Hansen's negligent maintenance of the tree caused it to fall and thus the resulting damage to its insured's home.[6] Travelers asserts the following allegations to support its claim.

Mr. Hansen owns and resides at the property located at 7135 Pinehaven Road, Oakland, California.[7] Jerome Geffner, Travelers' insured, owns the property neighboring Mr. Hansen's, located at 7141 Pinehaven.[8] Travelers issued an insurance policy to Mr. Geffner that covered real and personal property damage and loss of use, including damage to his home.[9]

Travelers alleges that Mr. Hansen maintained control of the 7135 Pinehaven property and consequently had a duty to maintain the trees thereon to avoid damage to others' property.[10] On December 30, 2014, however, a tree — or parts thereof — located on Mr. Hansen's property fell onto Mr. Geffner's home.[11] Prior to the fall, Travelers alleges, Mr. Hansen was "on notice that the tree . . . posed a threat to neighboring property[.]"[12] Yet despite this notice, Mr. Hansen "declined and/or refused to take any action to protect the property of adjacent property owners."[13] Mr.

---

[5] *See generally* Compl.

[6] *Id.*.

[7] *Id.* ¶ 5; Hansen Decl. – ECF No. 9, ¶ 4.

[8] Compl. ¶ 5.

[9] *Id.* ¶¶ 2-4; 15

[10] *Id.* ¶¶ 12-13.

[11] *Id.* ¶ 14.

[12] *Id.* ¶ 17.

[13] *Id.* ¶ 18.

ORDER (No. 16-cv-01123-LB)   2

Hansen's "negligent acts or omissions, including but not limited to the failure or refusal to maintain the tree or otherwise safeguard neighboring property[,]" caused damage in excess of $181,000 to Mr. Geffner's home.[14]

Travelers therefore sued Mr. Hansen for negligence.[15] Mr. Hansen now moves to dismiss the complaint because 1) process was defective and therefore the court lacks personal jurisdiction, Fed. R. Civ. P. 12(b)(2) and (4); 2) service was improper, *id.* 12(b)(5); 3) Travelers fails to state a claim upon which relief can be granted, *id.* 12(b)(6); 4) Travelers failed to join an indispensable party (its insured, Mr. Geffner), *id.* 12(b)(7); and 5) Travelers is not the real-party-in-interest (Mr. Geffner is).[16]

## ANALYSIS

**1. The court denies Mr. Hansen's motion under Rule 12(b)(6)**

**1.1 Rule 12(b)(6) legal standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[14] *Id.* ¶¶ 16, 19-21.
[15] *See generally id.*
[16] *See generally* Motion.

ORDER (No. 16-cv-01123-LB)     3

defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### 1.2 Travelers states a plausible claim for negligence

"In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013) (alterations omitted). In California, landowners and possessors have a duty to exercise ordinary care in maintaining his or her property to prevent reasonably foreseeable risk to others. *See Alcarez v. Vece*, 14 Cal. 4th 1149, 1156 (1997). This duty is based in ordinary principles of negligence: "[t]he question is whether in the management of his property, the possessor of land has acted as a reasonable person under all the circumstances." *Sprecher v. Adamson Cos.*, 30 Cal. 3d 358, 372 (1981) (quoting *Rowland v. Christian*, 69 Cal. 2d 108, 118 (1968)).

Here, Travelers alleges the following facts to support its claim: Mr. Hansen owns, controls, and resides at the 7135 Pinehaven property.[17] A tree, or parts of a tree, located on that property fell onto Mr. Geffner's home.[18] And, the tree caused damage in an amount exceeding $181,000.[19] These facts support the legal conclusion that Mr. Hansen had a duty to prevent the tree from falling (*i.e.* he was on notice that its condition posed a threat), he breached that duty (*i.e.* by failing to maintain the tree), and his breach caused the tree to fall and the resulting damages.

---

[17] Compl. ¶ 5; Hansen Decl., ¶ 4.
[18] Compl. ¶¶ 3, 14-15
[19] *Id.* ¶ 16.

ORDER (No.  16-cv-01123-LB)              4

In a simple negligence case, these factual allegations are sufficient. *See, e.g.*, *Twombly*, 550 U.S. at 591 n.10 (fewer factual allegations are necessary to state a plausible simple negligence claim versus a complex antitrust claim); *McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011) ("[R]equired level of factual specificity rises with the complexity of the claim."). The allegations plausibly state a claim that Mr. Hansen negligently maintained the property and provide sufficient factual detail that Mr. Hansen can respond to the complaint. *See Twombly*, 550 U.S. at 591 n.10. The court therefore denies Mr. Hansen's motion to dismiss under Rule 12(b)(6).

**2. The court denies Mr. Hansen's alternative theories for dismissal**

Mr. Hansen also moves to dismiss Travelers' complaint, arguing 1) the court lacks personal jurisdiction because process and service of process were defective, Fed. R. Civ. Pro 12(b)(2), (4) and (5), and 2) Travelers is not the real-party-in-interest and it failed to join an indispensable party, *id.* 12(b)(7). The court denies each of these bases for dismissal.

**2.1 The court denies Mr. Hansen's motion under Rule 12(b)(2), (4) and (5)**

Mr. Hansen moves to dismiss the complaint for defective process, insufficient service of process, and lack of personal jurisdiction.[20] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Futures Trading Practices Act of 1992, Pub. L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992). Federal Rule of Civil Procedure 4 requires the summons be "signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G). "Rule 4 is a flexible rule[, however,] that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions, Inc.*, 29 F.3d 1398, 1404 (1994). "Dismissals for defects in the form of summons are generally disfavored." *Evans v. Nationstar Mortgage*, No. 2:15-cv-1213 JAM GGH PS, 2015 WL 6756255, at *2 (E.D. Cal. Nov. 5, 2015)

---

[20] Motion at 3-4.

ORDER (No.  16-cv-01123-LB)                5

(quoting *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001)). And, to that end, "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan*, 29 F.3d at 1404.

Here, Travelers served Mr. Hansen with what appears to be its proposed summons instead of the summons issued by the clerk.[21] As such, the summons he received did not contain the clerk's signature or the court's seal.[22] The summons he received did, however, contain the following information: the parties to the suit, the case number, instructions to answer, and Travelers' counsel's contact information.[23] This information, and that Mr. Hansen filed a motion to dismiss less than a month after the complaint was filed, indicates that he received sufficient notice. Similarly, although Travelers initially failed to serve Mr. Hansen with required "supplemental" materials (*i.e.* the brochure regarding magistrate judge jurisdiction),[24] it later served these documents on April 6, 2016.[25] Mr. Hansen fails to identify how the defective summons or service caused him prejudice.

Because he received sufficient notice and fails to identify any prejudice, the court denies Mr. Hansen's motion under Rule 12(b)(2), (4) and (5). The court reminds Travelers and its counsel, however, of their obligation to properly serve future pleadings and other papers, particularly in light of Mr. Hansen's *pro se* status. *See* N.D. Cal. L.R. 5-1(b) ("Parties represented by counsel in a case involving a pro se party must file documents electronically and serve them manually on the pro se party unless the pro se party has been granted permission to become an ECF user.")

**2.2 The court denies Mr. Hansen's motion under Rule 12(b)(7)**

Mr. Hansen argues that Travelers is not the real party in interest and, under Rule 19, it failed to join an indispensable party— his neighbor and the insured, Mr. Geffner.[26] "A party making a Rule

---

[21] *See* Hansen Decl., Ex. A; Summons Issued as to Christian Hansen – ECF No. 4.
[22] Hansen Decl., Ex. A.
[23] *Id.*
[24] Motion at 4.
[25] Lee Decl. – ECF No. 14 at 9, Ex. 2.
[26] Motion at 8.

ORDER (No. 16-cv-01123-LB)   6

12(b)(7) motion to dismiss for failure to join a party under Rule 19 bears the burden of demonstrating that dismissal or joinder is appropriate." *Asarco LLC v. Shore Terminals LLC*, No. C 11-01384 WHA, 2011 WL 2669474, at *2 (N.D. Cal. July 7, 2011) (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). "Rule 19 requires that the missing party be both necessary *and* indispensable to the action to grant such a motion. In assessing necessity and indispensability, the court's inquiry should be both fact-specific and practical." *Id.* (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)).

"Generally, an insurer on paying a loss is subrogated in a corresponding amount to the insured's right of action against any person responsible for the loss." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 532 Cal. 3d 622, 633 (1975). If the insurer-subrogee "has paid an entire loss suffered by the insured, it is the only real party in interest . . . ." *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 380-81 (1949). "If it has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest." *Id.* at 381. In the case of a partial subrogation, both the insured and insurer are "necessary" parties, but not "indispensable." *Id.* at 381-82.

In this case, Travelers insured Mr. Geffner's home and, under the policy terms, was obligated to pay for damages thereto.[27] The fallen tree caused, and continues to cause by way of ongoing repairs, damages exceeding $181,000, which Travelers has paid.[28] Travelers appears to have fully compensated Mr. Geffner for his loss and thus subrogated to Mr. Geffner's rights against Mr. Hansen. Travelers accordingly appears to be the only real-party-in-interest and Mr. Geffner is neither a necessary nor indispensable party. Mr. Hansen has not raised any facts to the contrary and thus his motion under Rule 12(b)(7) is denied. If Mr. Hansen later determines that Mr. Geffner is in fact a necessary or indispensable party, he may move to join him. *See* Fed. R. Civ. P. 21.

---

[27] Compl. ¶¶ 2-4.
[28] *Id.* ¶¶ 16, 20.

ORDER (No. 16-cv-01123-LB)   7

**CONCLUSION**

The court denies Mr. Hansen's motion to dismiss. He must file a responsive pleading within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: May 3, 2016

_____
LAUREL BEELER
United States Magistrate Judge